Andre L. Verdun (SBN 265436)
LAW OFFICE OF ANDRE L VERDUN
1777 N Ventura Ave
Ventura CA 93001
Tel. (619) 880-0110
Fax. (866) 786-6993
Andre@VerdunLaw.com

Attorney for Plaintiff
Andrew Scott Hernandez

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA,**
**WESTERN DIVISION**

| | |
|---|---|
| **ANDREW SCOTT HERNANDEZ,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF SANTA PAULA,** and **SCOTT VARNER,** and **HEATHER VAN HEMERT** and **DOES 1-10**, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR A JURY TRIAL** |

-1-
**COMPLAINT**

*Hernandez v. City of Santa Paula, et al*

Plaintiff, Andrew Scott Hernandez, alleges the following:

1. About 15 years ago, Plaintiff was tased by five different Santa Paula police officers who also physically beat him, and then refused to provide him medical treatment even though he was having seizures. Mr. Hernandez has suffered from Post-Traumatic Stress Disorder and a back injury since then. As a result of that abuse he moved from Santa Paula to live with his dad in Ventura to feel safe and get away from those memories.

2. In February 2015, Ventura Police Officers shot Mr. Hernandez in the back with a Taser, even though he was not being arrested, was lying face down on the ground in a prone position, and begged not to be tased, in light of his past experience. The officers also punched Mr. Hernandez in the face, smashed his face into a wine rack, and kneed him in the back. This recent abuse caused Mr. Hernandez further stress, flashbacks, and exacerbated his post-traumatic stress disorder, which has been exacerbated and continues. These acts all occurred immediately after Mr. Hernandez telephoned his father to seek permission to agree to the police's request to conduct a consensual search of Mr. Hernandez's father's car. Additionally, the Officers entered Mr. Hernandez's home without a warrant, engaged in an unlawful search and seizure of Mr. Hernandez, his baby, and his personal property. An Officer filed a false police report which assisted in causing the wrongful prosecution of Mr. Hernandez. This all began based on an unsworn anonymous tip that someone was smoking drugs in a CVS Pharmacy parking lot, which caused the Officers drive to the home of Mr. Hernandez to question him.

3. Following the 2015 incident with the Ventura Police Department, Mr. Hernandez moved back to his Santa Paula house, fearing retaliation for asserting his rights for civil rights violations and further harassment by the Santa Paula Police Department.

4. Then, on or about January 11, 2018, Mr. Hernandez called the Santa Paula Police Department after Mr. Hernandez arrived home from work and his mother (who is disabled and assisted by a caregiver during the daytime) and his baby were missing and the daytime caregiver was at his home, afterhours, with another man.

5. When police arrived, they spoke with the caregiver who told police that Mr. Hernandez was a trespasser and was not permitted to be in the home. Officers searched their database and confirmed that Mr. Hernandez was associated with the address and had no evidence that he was not permitted to be in his own home. Still, going on the statement of the caregiver, who admittedly did not live in the home, police detained Mr. Hernandez for suspicion of trespassing, used verbal threats and force to gain compliance for a pat down search, then slammed him against a car, and then slammed Mr. Hernandez onto the ground. They arrested him for trespass. When police realized he was the legal occupant of the home, they charged Mr. Hernandez with resisting arrest and Mr. Hernandez spent days in jail, before he could be released and eventually cleared of the resisting charges. Again, the January 11, 2019 incident caused Mr. Hernandez even further stress, flashbacks, and exacerbated his post-traumatic stress disorder, which has been exacerbated and continues.

6. This lawsuit concerns the incident that took place on January 11, 2019, though the previous incidents supports injury and damages.

7. Defendants engaged in unlawful search and seizure without reasonable suspicion or probable cause, false arrest, excessive use of force, and violated Mr. Hernandez's constitutional rights.

## PARTIES

8. Andrew Scott Hernandez ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of California, City of Santa Paula.

9. Mr. Hernandez is informed and believes that at all relevant times mentioned herein, Defendant City of Santa Paula ("CITY") is a municipal corporation duly organized and existing under the laws of the State of California.

10. Mr. Hernandez is informed and believes that at all relevant times mentioned herein, Defendant Santa Paula Police Department ("SPPD") is a government department duly organized and existing under the laws of the State of California.

///

11. Mr. Hernandez is informed and believes that at all relevant times mentioned herein, CITY operates SPPD as an agency and department of the Defendant CITY. For the purposes of this action, and in said capacity, Defendant CITY is responsible for and administers the SPPD, which in turn promulgates policies and practices for patrolling and policing various areas of Ventura CITY, including but not limited to the area near 905 E Pleasant Street, Santa Paula, CA 93060.

12. Mr. Hernandez is informed and believes that at all relevant times mentioned here, Defendant SCOTT VARNER, ("VARNER") is an officer, employee, and agent of the SPPD and CITY.

13. Mr. Hernandez is informed and believes that at all relevant times mentioned here, Defendant HEATHER VAN HEMERT, ("VAN HEMERT") is an officer, employee, and agent of the SPPD and CITY.

14. Defendant CITY, through its component departments, runs, operates, trains, oversees, administers, supervises, investigates, and is otherwise responsible for the conduct of SPPD officers and employees, including both acts and omissions of SPPD officers, employees and agents and other SPPD workers.

15. Mr. Hernandez is informed and believes that at all times relevant, CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SPPD, including those individuals charged with patrolling and policing the community, and to assure that said actions, policies, rules, regulations, practices and procedures of the SPPD and its employees and agents comply with the laws and constitutions of the United States and the State of California.

16. Mr. Hernandez is informed and believes that at all times relevant, DEFENDANTS CITY, VAN HEMERT, and VARNER, and each of them, had the duty and responsibility to ensure that their duties were carried out consistent with all United States and California laws, were charged with the responsibility of maintaining the fitness and discipline of individual members of the SPPD, including those individuals charged with patrolling and

policing the community, of ensuring that individual members of the SPPD, including those individuals charged with patrolling and policing the community, complied with the policies and procedures of the CITY and SPPD, of ensuring that individual members of the SPPD, including those individuals charged with patrolling and policing the community, were aware of the policies and procedures of the CITY and SPPD, of ensuring that individual members of the VSCO, including those individuals charged with patrolling and policing the community, were properly trained in the policies and procedures of the CITY and SPPD, and of ensuring that individual members of the VSCO, including those individuals charged with patrolling and policing the community, complied with all laws of the United States and California.

17. At all relevant time mentioned here, Defendant police officers of the SPPD (hereinafter "OFFICERS") were acting within the course and scope of their employment as peace officers and employees of the CITY, which is liable under the principles of *respondeat superior* for these employees' tortious conduct pursuant to section 815.2 of the California Government Code.

18. At all times relevant hereto, Defendant Officers employed and organized unlawful and illegal customs and practices of excessive force, making false arrests, and intentionally causing emotional distress upon innocent victims. Mr. Hernandez is informed and believe and hereon allege that said misconduct was known by, encouraged, tolerated and/or condoned by Defendant CITY, VARNER, and VAN HEMERT.

19. Prior to bringing this suit, Mr. Hernandez complied with the California Government Claims Statute by filing a claim with Ventura CITY.

20. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to Mr. Hernandez who, therefore, sues said defendants by such fictitious names. Mr. Hernandez will amend the complaint to show their true names and capacities when ascertained. Mr. Hernandez is informed and believes, and therefore alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and

damages, hereinafter alleged.

## JURISDICTION

21. Jurisdiction of the court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(3) and (4), et. seq.

22. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

23. Venue is proper in the Central District of California because the acts or omissions which form the basis of the Mr. Hernandez's claims occurred in Ventura, California, within the Central District.

24. Mr. Hernandez has complied with Government Code §§ 800 *et seq*.

## TOLLING

25. Cal. Gov't Code §945.3 provides that an individual is prohibited from filing civil actions against peace officers or public entities while charges are pending. The provision also specifically tolls the statute of limitations while charges are pending.

26. Charges were filed following the January 11, 2018 incident, and those charges were ultimately dismissed on March 9, 2020, following a jury trial.

27. Therefore, the statute of limitations of the federal claims alleged in this action began on March 10, 2020, making all claims alleged herein timely.

## FACTUAL ALLEGATIONS

28. During January of 2018, Mr. Hernandez was living with his mother and brother in a home owned by his father. Mr. Hernandez was also living in the home with his young child.

29. Mr. Hernandez moved to Santa Paula, California to leave Ventura, California, where he had recently been subjected to unlawful police violence.

30. Mr. Hernandez and his mother both suffered brain damage due to carbon dioxide poisoning from a leaking heater. As a result, Mr. Hernandez' mother has a daytime care giver. The care giver does not live at the home, nor has the ability to exclude persons from the home.

-6-
**COMPLAINT**

*Hernandez v. City of Santa Paula, et al*

31. On or about January 11, 2018, Hernandez returned home from work to his home located in Santa Paula, California.

32. After Mr. Hernandez arrived home, he noticed that his mother and young child were not home as expected. This caused Mr. Hernandez to become concerned.

33. Moments after Mr. Hernandez arrived home, he discovered that the caregiver was at the home with another man. Mr. Hernandez then became very alarmed, believing that the caregiver may be the reason why his baby was missing.

34. Mr. Hernandez asked the caregiver why she was at his home after hours and where is baby and mother were. The caregiver responded by demanding that Mr. Hernandez, who lived at the home, leave.

35. This response further alarmed Mr. Hernandez, so Mr. Hernandez called 9-1-1, stating that his baby had been "adducted" and the caregiver would not tell him his child's whereabouts.

36. VARNER and VAN HEMERT arrived at Mr. Hernandez' home and contacted the caregiver.

37. The caregiver told VARNER and VAN HEMERT that Mr. Hernandez was not allowed to be at the home.

38. VARNER and VAN HEMERT conducted a search on their police provided computer system and found that Mr. Hernandez was shown by their own records to reside at the home.

39. There were no records available to VARNER and VAN HEMERT to provide any legal cause that Mr. Hernandez was trespassing on his own property.

40. The police contacted Mr. Hernandez and detained him for trespassing on his own property.

41. VARNER and VAN HEMERT demanded that Mr. Hernandez submit to a "terry pat down".

42. At that time that VARNER and VAN HEMERT demanded that Mr. Hernandez allow VARNER and VAN HEMERT to perform a pat down, Mr. Hernandez objected,

stated they had no legal right to force him to consent to a pat down.

43. After an extended protest by Mr. Hernandez, grabbed Mr. Hernandez' arm, placing Mr. Hernandez into a hammerlock, and slamming him against a car.

44. VARNER and VAN HEMERT and other unknown police officers started tell Mr. Hernandez to "stop resisting" when Mr. Hernandez was not resisting.

45. It is alleged on information and belief that officers of the SPPD are trained to yell "stop resisting" when they are knowingly engaged in police misconduct, such as excessive force, so that they can later make a plausible claim of justified use of force.

46. VARNER and VAN HEMERT and other unknown police officers continued to use force against Mr. Hernandez by slamming him to the ground.

47. VARNER and VAN HEMERT and other unknown police officers then arrested Mr. Hernandez for trespassing on his own property.

48. Mr. Hernandez was then secured into the back of the SPPD police vehicle.

49. Moments after the arrest, Mr. Hernandez' brother came home to find the police at his home.

50. Mr. Hernandez's brother was contacted by SPPD and asked if Mr. Hernandez lived on the property and was permitted to be in the home.

51. Hernandez's brother confirmed that Mr. Hernandez lived at the home and was not prohibited from being on his own property.

52. In response, SPPD officers, VARNER and VAN HEMERT, arrested Mr. Hernandez for violation of Penal Code section 148, resisting arrest, in an effort to mitigate their unlawful detention, use of force and arrest of Mr. Hernandez.

53. SPPD officers, VARNER and VAN HEMERT, then searched Mr. Hernandez without reasonable suspicion or probable cause or a warrant.

54. SPPD officers, VARNER and VAN HEMERT, seized from Mr. Hernandez his property without reasonable suspicion or probable cause or a warrant.

/ / /

/ / /

# FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 UNLAWFUL SEIZURE, ARREST, AND DETENTION AND VIOLATION OF THE 14th AMENDMENT
## Against VARNER and VAN HEMERT

55. Mr. Hernandez realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

56. The Fourth Amendment to the United States Constitution states:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.*

57. Officers VARNER and VAN HEMERT and other unknown police officers illegally seized, detained, and arrested Mr. Hernandez without probable cause, reasonable suspicion, and/or warrant, and used excessive force upon him, including forcing him against a vehicle, and then to the ground, so that they could perform an illegal search, turning the unlawful stop into an unlawful arrest.

58. Mr. Hernandez was unlawfully searched.

59. In so doing, Officers VARNER and VAN HEMERT and other unknown police officers deprived Mr. Hernandez of his Constitutional rights under the Fourth Amendment to the United States Constitution. The injuries sustained by Mr. Hernandez were as a direct result of the widespread refusal to properly train deputies on the proper way to determine which persons to detain, the proper way to detain them, and what force may or may not be used. This creates a substantial risk of harm to citizens as stated above that the CITY created, and by virtue of failing to correct the constitutional violations of their Officers, shows a custom of deliberate indifference to those actions.

60. At the hospital tests were conducted without Mr. Hernandez's approval.

/ / /

61. In committing the acts and omissions alleged herein, the Defendant Officers acted in the course and scope of their employment, and thereby acted under the color of state law.  At no time did Mr. Hernandez give consent to Defendants' unlawful actions, and the rights Defendants were violating were clearly established.

62. In committing the acts and omissions alleged herein, Defendant Officers acted with malice, oppression, and fraud.  Accordingly, Mr. Hernandez is entitled to obtain punitive damages from the Officer Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

## SECOND CAUSE OF ACTION –  42 U.S.C. § 1983 RETALIATION FOR FIRST AMENDMENT Against VARNER and VAN HEMERT

63. Mr. Hernandez realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

64. When Plaintiff felt threatened by the Officers, he called his father on his speakerphone for his protection.

65. Plaintiff then repeatedly stated that he had no legal obligation to be subject to search, and Officers VARNER and VAN HEMERT and other unknown police officers repeatedly asserted that the "Constitution" allows them to search Plaintiff without his consent.

66. Officers VARNER and VAN HEMERT and other unknown police officers became anger at Plaintiff for refusing to allow Officers VARNER and VAN HEMERT and other unknown police officers to search Plaintiff, even though Officers VARNER and VAN HEMERT and other unknown police officers had no legal cause to demand the search.

67. In retaliation for exercising his Constitutional rights, the Officers VARNER and VAN HEMERT and other unknown police officers ordered Plaintiff to hang up the phone and physically assaulted him.

68. In committing the acts alleged herein, Officers VARNER and VAN HEMERT and other unknown police officers acted with malice and oppression.  Plaintiff therefore is entitled to punitive damages against Defendants in an amount sufficient to punish and

deter such conduct according to the proof at the time of trial.

### THIRD CAUSE OF ACTION – 42 U.S.C. § 1983 EXCESSIVE FORCE
### Against Officers VARNER and VAN HEMERT

69. Mr. Hernandez realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

70. Mr. Hernandez has a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, and emotional distress.

71. Mr. Hernandez has a firmly established right to be free from excessive force being used against him.

72. Officers VARNER and VAN HEMERT and other unknown police officers used unreasonable and excessive force upon Mr. Hernandez when they grabbed Plaintiff's arm, forced him against a vehicle, forced him against the ground, placed handcuff on Plaintiff, and forced Plaintiff into the back of a police vehicle.

73. Such actions violate Mr. Hernandez's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution.

74. There was no need for use of any force in this situation because there was no force being posed, used, or threatened against the Officers by Mr. Hernandez.

75. At no time did Mr. Hernandez consent to any of the Officer's unlawful actions described herein. Mr. Hernandez further alleges that all Defendants acted in the course and scope of their employment with CITY thereby acting under the color of state law.

76. Mr. Hernandez was damaged as a result of Defendants' conduct.

77. At no time could a reasonable officer in the position of have believed that Mr. Hernandez posed a threat either to the officers or anyone else, nor could a reasonable officer have believed that the amount and degree of force employed was reasonably necessary to detain Mr. Hernandez, which they had no legal right to detain.

78. As such, the degree of force used against Mr. Hernandez was without probable cause, reasonable grounds, or other justification, thereby violating Mr. Hernandez's dignity and bodily integrity, invading his privacy, and proximately and foreseeably

causing Mr. Hernandez damage and injury.

79. During the relevant period and in violating Mr. Hernandez's rights, Defendants were acting under color and pretense of law, to wit: under color of statutes, ordinances, regulations, customs, policies, and usages of the State of California and CITY.

80. Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

81. Because no force was justified, Defendant Officers' use of any force against Mr. Hernandez was a *per se* violation of his Constitutional rights.

82. The conduct alleged herein caused Mr. Hernandez to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Mr. Hernandez to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

83. The conduct alleged herein was done in deliberate or reckless disregard of and Mr. Hernandez's constitutionally protected rights; justifying the award of exemplary damages against Defendant officers in an amount according to proof at the time of trial in order to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment.

84. In committing the acts alleged herein, Officers VARNER and VAN HEMERT and other unknown police officers acted with malice and oppression. Mr. Hernandez therefore is entitled to punitive damages against Defendant Officers in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

85. Mr. Hernandez is also entitled to attorney fees and costs of suit herein.

**FOURTH CAUSE OF ACTION – *MONELL* CLAIM UNDER 42 U.S.C. § 1983 Against Defendant CITY OF SNATA PAULA and the SANTA PAULA POLICE DEPARTMENT**

86. Mr. Hernandez realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

87. Mr. Hernandez alleges that all Defendants carried out the acts complained of in their individual and official capacities, in the course and scope of their employment, and under color of law.

88. Regarding all actions and causes of action herein alleged and stated, all governmental defendants (including all DOE defendants) violated rights held by Mr. Hernandez that were clearly established and which they had a mandatory duty to uphold. No reasonable official similarly situated to any of the Defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. All individual Defendants, including all individual DOE Defendants, thus lack immunity from suit or liability. This extends both to statutorily created immunity and to the judicially created doctrine of "qualified immunity".

89. Defendant CITY is also liable for the violations of Mr. Hernandez's federal constitutional rights brought under 42 U.S.C. § 1983 based upon Mr. Hernandez's *Monell* cause of action. The bases for the CITY's liability in this context include, but are not limited to:

    a. A policy of detaining people without reasonable suspicion, and a failure to properly train officers in that regard;

    b. A policy of searching people without reasonable suspicion or probable cause, and a failure to properly train officers in that regard.

    c. Using force to search people without reasonable suspicion or probable cause, and a failure to properly train officers in that regard.

    d. A policy of shouting "stop using force" by citizens that are not resisting arrest as to held assert a justifiable use of force at a later time, and a failure to properly train officers in that regard.

    e. Charging people with resisting arrest when it is discovered that Officers arrested someone without legal cause in order to avoid adverse consequences for their illegal conduct, and a failure to properly train officers in that regard.

90. Additionally, Mr. Hernandez is informed and believes and, on the basis of such information and belief, alleges that Defendants CITY acted with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Mr. Hernandez and all persons similarly situated, maintained, enforced tolerated, permitted, acquiesced in, and applied policies, practices, or customs or, amongst other things:

    a. Permitting Officers to detain people without reasonable suspicion nor consent.

    b. Permitting Officers to search people without reasonable suspicion nor consent;

    c. Permitting Officer to change an arrest to resisting arrest when it is determined that they lacked legal cause to arrest in the first instance,

    d. Permitting use of force on detainees when they are neither fleeing nor about to flee the scene;

91. Mr. Hernandez is informed and believes and, on the basis of such information and belief, alleges that Defendant CITY, ordered, authorized, acquiesced in, tolerated, or permitted Defendants VARNER and VAN HEMERT and other unknown police officers to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the foregoing paragraph and ratified that conduct.

92. Defendants VARNER and VAN HEMERT and other unknown police officers' conduct alleged herein constitutes a pattern of intimidation, illicit law enforcement behavior, and statutory and constitutional violations based either on a deliberate plan by CITY, or deliberate indifference, gross negligence, or reckless disregard, to the safety, security, and constitutional and statutory violations of Mr. Hernandez and all persons similarly situated.

93. Mr. Hernandez is informed and believes, and on the basis of such information and belief, alleged that Defendant CITY subsequently ratified the acts and related acts of Officers VARNER and VAN HEMERT and other unknown police officers, including the acts that are the subject of this lawsuit, against a number of persons involved in this and

other events by, amongst other things, its CITY officials failing to take any actions in response to being fully informed of the actions of its deputies.

94. Defendant CITY at all times herein mentioned is an agency of Defendant is a "Person" subject to suit within the meaning of 42 U.S.C. §1983 under *Monell v. Department of Social Services (*1978) 436 U.S. 685, 691. Under California Government Code §815.2 Defendant City is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer Defendants.

95. Defendant CITY promulgated and maintained an unconstitutional policy, ordinance or regulation which allowed its police officers to use of force in violation of the rights of citizens.

96. Defendant CITY was deliberately indifferent to the widespread misconduct on the part of Ventura police officers in detaining citizens who had committed no crimes.

97. Defendant CITY was deliberately indifferent to the widespread misconduct on the part of Officers in the application of unnecessary and excessive use of force.

98. During the relevant period, defendant police officers, VARNER and VAN HEMERT were acting pursuant the policy of Defendant CITY.

99. Defendant CITY was deliberately indifferent to the right of Mr. Hernandez to be free from, and protected from, harm by the brutality of officers and to be secure in their bodily integrity.

100. As a direct result, Mr. Hernandez was assaulted, intentionally and negligently inflicted with emotional distress and his Constitutional rights were violated.

101. The unlawful and illegal conduct of the defendant deprived Mr. Hernandez of the rights, privileges and immunities secured to him by the Constitutions of the United States and of the State of California.

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Hernandez respectfully prays that judgment be entered against the Defendants for the following:

A. Entering judgment for compensatory general and special damages in an amount in accordance with proof.

B. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

C. Awarding reasonable attorney's fees, expenses, and costs of suit.

D. Granting such other and further relief as the Court deems proper

E. For such other and further relief as may just and proper.

Dated: **August 9, 2021**

       ___/s/ Andre L. Verdun____
       Andre L. Verdun
       Attorney for Plaintiff,
       Andrew Scott Hernandez

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Andrew Scott Hernandez, by and through his attorney, Andre L. Verdun, and hereby demands a trial by jury in the above-captioned matter.

Dated: **August 9, 2021**      ___/s/ Andre L. Verdun____
       Andre L. Verdun
       Attorney for Plaintiff,
       Andrew Scott Hernandez